JACOB FLOHR, *doing business as The U. S. Tailoring Co.*, v. S. SCHWARTZBERG.

**No. 609.*   ( 59 Pac. 666.)**

1. EVIDENCE — *Husband and Wife — Incompetent Witness.* Under the provisions of section 334 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4586), a husband is an incompetent witness in a replevin action in which his wife is defendant, unless it be shown that he is a party to the action, has a joint interest therein, or acted as her agent.

2. ———— *Action to Rescind Sale—Burden of Proof.* Where a vendor seeks to rescind a sale for the reason that the vendee fraudulently represented himself to be solvent, the burden of proof is upon the vendor, and a demurrer to the evidence is properly sustained if he fails to prove the insolvency of the vendee.

Error from Wyandotte district court; HENRY L. ALDEN, judge.   Opinion filed January 4, 1900.   Affirmed.

*I. J. Ringoldsky, J. A. Harzfeld,* and *Geo. W. Littick,* for plaintiff in error.

*True & Sims,* for defendant in error.

The opinion of the court was delivered by

MCELROY, J.: This was an action in replevin, brought by Jacob Flohr, as plaintiff, against Schwartzberg, to recover possession of certain personal property. The plaintiff alleged in his petition that he was the owner and entitled to the immediate possession of the personal property therein described, of the value of $229.57; that he made a demand for the property; and that the defendant wrongfully withholds the possession thereof. The defendant's answer was a general denial. A trial was had before the court and a jury.

*Petition for order to certify denied by supreme court March 5, 1900.—REP.

The defendant interposed a demurrer to the evidence, which was sustained, and judgment rendered for defendant against the plaintiff for a return of the property, or, if a return thereof cannot be had, that he have judgment for $229.57, the value thereof, with costs of suit.   Plaintiff filed a motion for a new trial, which was overruled, and presents the case to this court for review.

The plaintiff in error contends, first, that the court erred in excluding competent evidence and in sustaining the demurrer to the evidence, and that the judgment is excessive.   Plaintiff in error called B. Schwartzberg, the husband of the defendant, as a witness, and the defendant interposed an objection that the witness was incompetent, for the reason that he was the husband of the defendant.

Section 334 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4586), reads :

"The following persons shall be incompetent to testify :  .  .  .   Third.   Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have joint interest in the action ; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards."

There is no contention that Schwartzberg had a joint interest in the action, nor that he was the agent of his wife.   He was, therefore, incompetent to testify.

One Pinkston, a bookkeeper and credit man in the employ of Flohr, was called as a witness, and, among other things, was asked:  "Ques.  You may state whether or not these statements that were made by Mr. Schwartzberg were believed and relied on by you?

Ans. Yes, sir.'' This testimony was stricken out on motion of defendant. It appears that the sale of the goods was made by Flohr in person ; he was the party conducting the store ; he talked with Schwartzberg ; he made all necessary inquiries of the proposed purchaser and determined for himself to make the sale. It was a matter of no importance as to what the bookkeeper concluded, or as to what he believed or did not believe. He did not make the sale, but simply heard the parties talking the matter over, and, so far as the record shows, had nothing whatever to do with the sale. The court committed no error in excluding the testimony.

The second assignment of error is that prior to the introduction of the testimony at the trial the plaintiff made a statement that he expected to prove that B. Schwartzberg, the husband of defendant, was insolvent at the time he bought the goods, that he obtained the goods by means of fraud and false representations as to his solvency, and that by reason of the said fraud and false representations the title to the goods never passed from the plaintiff; therefore, B. Schwartzberg could not transfer the goods to his wife in payment of a preexisting debt. Where a vendor seeks to rescind a sale for fraud and recover possession of the property, the burden of the proof is upon him. In the case at bar there was no evidence of insolvency, and no fact or circumstance proved from which either inability to pay or intent not to pay existing at the time of the sale could be reasonably inferred.

The plaintiff alleged the value of the property to be $229.57. The sheriff's return shows that all of the property was recovered and turned over to the plaintiff. The judgment is not excessive. The judgment is affirmed.